13L 221
117 372

## THE STATE *v.* HOWARD PARKER.

1. CRIMINAL LAW. *Assault and battery. Charge of the court.* It is not error for the court to omit to charge upon all the grades of the offense embraced in the indictment, if the facts in the case do not require a charge upon the grade of offense omitted. If the omission or the error in the charge is in favor of the defendant he cannot complain.

2. SAME. *Charge of court.* It is not error to refuse to charge upon a *mere abstraction.*

3. SAME. *Same.* The court cannot charge the jury that when arresting a person, " the officer shall inform him of the authority and cause of arrest, and exhibit the warrant if he has one"—*if the defendant questions his authority*—" except when the person being arrested is in the act of committing some offense in the presence of the officer," and the testimony showed that the defendant knew that the officer was seeking to arrest him and fled and concealed himself behind some bushes, and the officer called to him to come out, stating that he had a warrant for his arrest, when the defendant shot the officer. Held, not error.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county.  J. M. GREER, J.

McCABE & BROOKS and —— DOUGLASS for Parker.

ATTORNEY-GENERAL LEA for the State.

COOKE, Sp. J., delivered the opinion of the court.

The defendant was convicted of an assault and battery upon one Jo. Holmes, with intent to commit murder in the first degree.  The evidence in the cause fully warrants the verdict, and the only questions that have been seriously urged arise upon the charge of

the court. In his charge, the court instructed the jury that there were four different offenses contained in the indictment, and proceeded to instruct them properly as to what was required to constitute an assault and battery with intent to commit murder in the first degree, and also murder in the second degree, and then proceeded: "If you do not believe that the shot was either fired with a formed design to kill Holmes, nor with malice, and you believe it was fired at, and struck Holmes intentionally, on the part of Parker, then you will convict him of a simple assault and battery;" thus ommitting to instruct the jury as to what would constitute an assault and battery with intent to commit voluntary manslaughter, or rather erroneously instructing them that if they found certain facts which would have authorized a conviction for that offense, they should convict the defendant of a simple assault and battery. In the case of *Good* v. *The State,* 1 Lea, 293, it · was decided that under the provisions of the Act of 1877, ch. 85, sec. 1, it was not error for the court to omit to charge upon all the grades of offenses embraced in the same indictment if the facts in the case did not require a charge upon the grade of offenses omitted. The omission in this case, or the error in the charge, was directly in favor of the defendant, and it was impossible that he should have been prejudiced by it.

The court was specially requested by the defendant to charge the jury that if "they believed from the proof that the defendant shot Holmes while he·

was approaching him under such circumstances as would produce in the mind of a reasonable man an apprehension that there was a design to take away his life, or to do him some great bodily harm, the defendant would be justified in such shooting on the grounds of self-defense, though it should turn out afterwards that there was no danger." This instruction was refused by the court, as the record states, because there was nothing in the proof to warrant the charge. This refusal is assigned as error. The record wholly fails to show that the defendant was in any danger either of his life or great bodily harm at the time he did the shooting, there being no testimony tending to establish such a state of facts. The charge requested under the facts disclosed by the record would have been a mere abstraction, and it was not error to refuse it: *Williams* v. *The State,* 3 Heis., 376; *May* v. *The State,* 3 Heis, 379.

Holmes had a warrant against the defendant for a misdemeanor, and had been specially deputized to arrest him upon it, and was attempting his arrest at the time he was shot by the defendant. The defendant's counsel also requested the court to charge, the language of the statute, that when arresting a person "the officer shall inform him of the authority and cause of arrest, and exhibit the warrant if he has one, except when the person being arrested is in the act of committing some offense in the presence of the officer." The court modified the instruction as requested, by adding the qualification, "if defendant questions his authority," after the words "he

shall exhibit the warrant if he has one," and gave the instruction as thus modified, and the defendant excepted to the modification. The testimony showed that the defendant knew that Holmes was seeking to arrest him, and fled from him and those accompanying him, and concealed himself behind some bushes. When he was discovered Holmes called to him to come out, and stated that he had a warrant for his arrest, when the defendant shot him in the breast. One of the witnesses states Holmes was about to read the warrant to him when he was shot. But the testimony of both of the witnesses to the transaction shows that the defendant shot Holmes immediately upon being informed that he had a warrant for his arrest, and that defendant neither requested nor gave time to the officer to inform him of the cause of his arrest before he shot him. It was not error in the court in view of the facts of the case to qualify the instruction to the extent which he did.

The defendant's counsel also requested the court to charge that "no officer, though armed with a warrant to make an arrest for a misdemeanor, has the right to shoot at or kill a person who attempts to escape from arrest; and if an officer makes an assault upon a person against whom he has a warrant such person has a right to resist such assault, and defend himself from any wrong or injury from the officer." This request was also refused by the court, and which is insisted for defendant was error. The proof showed that Holmes with two other persons went to the house of one Wilcox, where the defend-

ant was, with a warrant for the purpose of arresting him; that he called at the door, which was opened by Wilcox, when he said "good evening," and asked if defendant was there, and was told that he was. Holmes then stepped forward as though he was going into the house, when the defendant said keep back, and shot at him and fled, and a shot or shots were fired after 'him, none of the shots of either party however taking effect, He was pursued by Holmes, and those with him, and some ten or fifteen minutes after this he was found some two hundred and fifty yards from the place where this occurred, concealed behind some bushes when he was told by Holmes to come out that he had a warrant for his arrest, and was shot by him in the breast as above stated.

There was nothing in the testimony, as we see it, to which the charge requested was applicable, and it was properly refused. There is no error ·in the record, and the judgment of the circuit court must be affirmed.