**Wendall Ray NICKELL, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1955.

Rehearing Denied Jan. 27, 1956.

Tom P. Senff, Mt. Sterling, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

Two police officers of Mt. Sterling received a call to go to the "Knot Hole" in that city because "a bunch of drunks" were there. On arrival they saw Wendall Ray Nickell staggering drunk. He sat down and one or the other of the officers (they testified) told him that he was under arrest and that he would have to come with them. The defendant testified they jerked him up and said, "Wendall, let's go." They lifted him up and searched him. He had a loaded pistol in his belt concealed by his sweater.

On his trial for the crime of carrying a deadly weapon concealed on his person, the defendant claimed he was not drunk when arrested but very sleepy because he had been up all night; but he admitted visiting some drinking places and drinking some beer in the "Knot Hole" saloon that afternoon. His companions and the barkeeper corroborated his testimony. The officers testified that after they had searched him, Nickell said, "Boys, I am drunk; don't put a charge of carrying a concealed deadly weapon against me." He very positively denied making the statement.

The court properly submitted to the jury the question of the defendant's drunkeness for the purpose of determining whether he was lawfully arrested and, therefore, whether the search of his person was authorized. Conviction was dependent on the jury's finding that he was drunk, and the verdict of guilty implicitly so found. It is conceded here that that issue was settled, but the appellant contends that his arrest

was illegal, hence, that the search was unauthorized, because the policemen did not notify him of their intention to arrest him and inform him of the charge.

■ Criminal Code of Practice, Sec. 394, makes it the duty of all peace officers to arrest a "drunken person whom they may find at large, and not in the care of some discreet person." Section 39, Criminal Code of Practice, which relates to the general subject of arrest, reads: "The person making the arrest shall inform the person about to be arrested of the intention to arrest him, and of the offense charged against him, for which he is to be arrested, and if acting under a warrant of arrest, shall give information thereof, and if required, shall show the warrant." The provision has always been construed as requiring only a substantial compliance and, notwithstanding the absence of qualification, as not requiring its observance where it is impractical or futile, as where the person about to be arrested knows of the officer's intention and purpose or when he resists arrest or when the officer has no reasonable opportunity to inform him. Dale v. Commonwealth, 186 Ky. 510, 217 S.W. 363; Neal v. Commonwealth, 229 Ky. 832, 18 S.W.2d 314; Sizemore v. Commonwealth, 279 Ky. 190, 130 S.W.2d 31; Arthurs v. Johnson, Ky., 280 S.W.2d 504.

■ The officers admitted they did not tell Nickell why he was being arrested, but the view is inescapable that he knew he was being arrested not because he was sleepy but because he was drunk. He did not ask why or indicate any notion that his rights were being imposed upon by being arrested without cause. He readily submitted to the arrest and must be deemed to have waived a full compliance by the officers of the technical requirements. After arresting Nickell, the officers, as a matter of incidental authority, duty and wisdom, searched his person. The usual cases challenging the legality of an arrest and the manner in which it was done involves the right to resist or the liability of the officers for unlawful arrest. The only effect of a failure to give notice of the arrest and the charge seems to be to deprive the officer of the protection which the law would otherwise give him in the discharge of his duties. 6 C.J.S., Arrest, § 4(d). We are dealing here with the admissibility of evidence, the determinative question simply being whether the officers had the right to make the search. The jury found they were justified in making the arrest. There should be no strained application of the statute defining the method of making an arrest which has for its purpose the protection of a citizen from an unjust arrest.

The judgment is affirmed.