**Mary G. MASTERS, Appellant,**

v.

**UNITED STATES of America, Veterans Administration, Appellee.**

**No. 12513.**

United States Court of Appeals
Sixth Circuit.

Feb. 20, 1956.

William H. Dysard, Ashland, Ky., G. B. Johnson, Jr., Ashland, Ky., on brief, for appellant.

William W. Ross, Dept. of Justice, Washington, D. C., Geo. S. Leonard, Melvin Richter, Washington, D. C., Henry J. Cook, Lexington, Ky., on brief, for appellee.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

MARTIN, Circuit Judge.

In this case, the district court dismissed the complaint of a deceased veteran's widow who brought an action to recover the proceeds of a National Service Life Insurance policy of which she was beneficiary at the time of her husband's death.

The Veterans Administration, by letter of October 7, 1944, notified the insured of the waiver of payment of premiums by him, effective retroactively. This letter included the following language: "The Insurance Claims Counsel has rendered a decision holding that you are totally disabled and entitled to waiver of premiums effective from October 10, 1943, on your National Service Life Insurance, in the sum of $9,000.00. It will not be necessary to make further payment of premiums on this insurance so long as you continue to be totally disabled. All unearned premiums paid will be refunded in due course. Should you recover from your total disability you will be informed relative to the procedure necessary to continue the contract on a premium-paying basis. In the event you resume substantially gainful employment you should immediately notify the Veterans Administration."

The insured made no further payment of premiums during the rest of his life. He died on October 17, 1950.

At the trial, the appellee introduced a copy of a letter, dated May 25, 1945, addressed to the veteran, Allen P. Masters, 2769 Winchester Avenue, Ashland, Kentucky, in which it was stated that a decision had been rendered to the effect that Masters was no longer totally disabled and, accordingly, the waiver of payments on his National Service Life Insurance policy had been discontinued, effective as of June 9, 1945; that it would be necessary for him to resume premium payments; and that he would be informed in a separate letter as to the amount and manner of paying premiums. This was a form letter, signed by the director of insurance of the Veterans Administration. The letter was not sent by *registered mail*, was not found among the veteran's papers, and there was no response to it. The promised separate letter was not sent to him.

Miss Josephine Bush, an adjudicator in the disability insurance claims division of the Veterans Administration, was the only witness who testified as to the custom of handling mail in her office. She swore that the veteran's policy was discontinued on the ground of his "failure to cooperate." She said: " * * * We sent him a Form 1542 [sic Form 1540], Employment Report, in February. It wasn't returned and so then the decision cutting him off from waiver was rendered at that time because of failure to cooperate."

As found by the district court, the file pertaining to the veteran does not disclose that the aforementioned communication was returned, undelivered. It was found that the letter of May 25, 1945, was placed by Miss Josephine Bush in an "outbox" on her desk for outgoing mail, with the return address printed on the envelope; and that this was the ordinary and customary manner of dispatching mail from her office. It was found further that five days prior to his death, the insured veteran, at the suggestion of the Kentucky Disabled Ex-Service Men's Board, had made claim for waiver of payment of premiums on his insurance and cancelled all previous designations of beneficiaries; and that he had named his wife —appellant herein—as beneficiary of the total amount of his government insurance. This application was denied for the reason given that it was not timely made and that failure to make timely waiver was not because of circumstances beyond the control of the decedent.

The district court found, also, that the regulations of the Veterans Administration in effective force directed that notice of discontinuance of waiver of payment of premiums should be made by registered mail, with return receipt requested. The language of this regulation (No. 3442) provided: "Such notice shall be sent by registered mail return receipt requested advising of the due date of the first premium payable after termination of the waiver and of the amount of the premium payable. Suffi-

cient notice within the provisions of this regulation will be deemed to have been given when such letter reaches the insured's last address of record and the failure of the insured to furnish a correct current address at which mail will reach him promptly shall not be grounds for a further extension of time for payment of premiums under this paragraph." The trial court concluded as a matter of law that this regulation as to registry "is procedural rather than substantive, directive and not mandatory."

It is important to observe that the foregoing regulation requires that the notice *shall* be sent by registered mail, which was not done in this case; and that, to be sufficient notice within the provisions of the regulation, the letter must have reached the insured's last address of record. There was no proof that the letter reached the insured's last address of record. Nor was there any proof that the letter was actually put into a depository for United States mail.

What we said in Central Paper Co. v. Commissioner of Internal Revenue, 6 Cir., 199 F.2d 902, 904, is therefore not applicable here. Our assertion there was that when mail matter "is properly addressed and *deposited* in the United States mails, with postage duly prepaid thereon, there is a rebuttable presumption of fact that it was received by the addressee in the ordinary course of mail." [Emphasis supplied.] This rule was restated in Detroit Automotive Products Corp. v. Commissioner of Internal Revenue, 6 Cir., 203 F.2d 785.

In addition to the cases just cited, appellee relies upon a series of cases, the most important of which would seem to be Myers v. Moore-Kile Co., 5 Cir., 279 F. 233, 25 A.L.R. 1, and Roupp v. Woods, Em.App., 177 F.2d 149. In Myers v. Moore-Kile Co., testimony by the writer that a letter was dictated and signed by him and then given to a stenographer, whose duty it was to place it in an addressed envelope and deposit it in the United States mails, was held to be a sufficient showing of the usual course

of business to raise the presumptions that the letter had been mailed properly and had been received by the addressee. In Roupp v. Woods, there was proof of the existence of carbon copies of certain notice-letters in the O. P. A. files, and of an established office custom relative to mailing them. The court held that, in view of the presumption of regularity accorded the acts of public officials, this was sufficient evidence to show that the notice concerned had been mailed.

■ Neither of these cases involved a matter of the character of National Service Life Insurance; nor was there a provision such as that of Regulation 3442, that sufficient "notice * * * will be deemed to have been given when such letter reaches the insured's last address of record. * * * " This specific provision indicates that actual receipt rather than mere presumptive receipt was intended to be the decisive criterion.

Upon cross-examination, Miss Bush testified that the office custom was to put letters for mailing in an "outgoing basket" on her desk, from which it was picked up; that, presumably, the last time she saw the original letter involved herein was when it was put into the "little box" on her desk, marked "outgoing"; that so far as she knew she had never seen the original since; and that she had no personal knowledge as to whether it was actually mailed, but that if it had not been mailed it "would have been returned to the folder." The interrogator then asked: "That is unless it was dropped in the wastebasket or otherwise lost in the Veterans Administration?" She answered: "That's right." Asked whether she had personal knowledge as to what happened to the letter, she responded, "No."

We think the proof in the case fails to meet the requirement that, to make effective the cancellation of waiver of payment of premiums, the essential letter must have been received at the last record address of an insured veteran. The total disability of the decedent, with the consequential waiver of payment of premiums under his National Service Life Insurance policy, had been recognized by the Veterans Administration in its letter of October 7, 1944; he had been told in that letter that, should he recover from his total disability, he would be informed concerning necessary procedure to continue his insurance on a premium-paying basis. It was, therefore, vitally important that he should receive, as required by the regulation, notice that the Veterans Administration had decided that he was no longer totally disabled. Nowhere in the record does any evidence appear that the veteran did not continue to be totally disabled.

■ In an avuncular contract of the character with which we are here concerned, regulations for the benefit of former servicemen should be construed liberally in their favor. We do not ignore the requirement of Regulation 3442, that notice of termination of waiver *shall* be sent by registered mail. The district court held that this regulation was procedural and directive rather than substantive and mandatory. There would seem to be doubt as to the right of the Veterans Administration to suspend temporarily this regulation, without notifying the veteran of such change. We think it unnecessary to decide this question, however, for the reason that the judgment of the district court must be reversed, as indicated above, on the ground that the government has failed to prove that the letter notifying the veteran of cancellation of waiver of payment of premiums reached the veteran's last address of record.

The judgment is, accordingly, reversed; and it is directed that judgment be entered in favor of the appellant.