**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frederick Leon CLEMMONS and Oliver Townsend, Defendants-Appellants.**

**No. 17734.**

United States Court of Appeals
Sixth Circuit.

Feb. 15, 1968.

John P. Colton, Jr., Court appointed, Memphis, Tenn., for appellants.

Odell Horton, Jr., Asst. U. S. Atty., Memphis, Tenn., for appellee, Thomas L. Robinson, U. S. Atty., Memphis, Tenn., on the brief.

Before EDWARDS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

EDWARDS, Circuit Judge.

This appeal is from convictions after jury trial in the United States District Court for the Western District of Tennessee for violation of 18 U.S.C. § 1702 (1964). This statute prohibits taking material from the United States mails with intent to obstruct delivery of it to the addressee.

No appellate issue is presented as to the sufficiency of the evidence to support the convictions on this charge. But we have examined the entire transcript and the original exhibits in this case. We note that the Social Security check made out to Marie C. Austin was found in its mailing envelope in a paper sack in appellant Townsend's car (in which appellant Clemmons was also riding) on the afternoon of August 3, 1966. This was the day on which addressee Austin testified she should have received but did not receive the check. It was also the day of the month on which the mailing envelope instructed the postmaster to deliver it. The return address was shown on the envelope as the Treasury Department ("TREASURY DEPARTMENT, Bureau of Accounts, Division of Disbursement, 2225 Third Avenue, North—Room 201, Birmingham, Alabama 35203").

A Social Security identification with Marie C. Austin's name on it, which could have been used in cashing the Austin check, was also introduced by the prosecution, along with other false identification cards which had been seized in appellant Townsend's car. These facts, plus the testimony which we will outline concerning appellants' activities earlier in that same day, constitute facts from which the jury might properly have inferred a violation of the broad language of 18 U.S.C. § 1702 (1964). United States v. Wade, 364 F.2d 931 (6th Cir. 1966); United States v. Maxwell, 137 F.Supp. 298 (W.D.Mo.1955), aff'd, 235 F.2d 930 (8th Cir. 1956), cert. denied, 352 U.S. 943, 77 S.Ct. 266, 1 L.Ed.2d 239 (1956). See also Rosen v. United States, 245 U.S. 467, 38 S.Ct. 148, 62 L. Ed. 406 (1918).

Basically the appeal presents a claim of illegal arrest and search and a contention that the check should not have been admitted in evidence against appellants. Appellants rely upon United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948).

As to this issue the District Judge's ruling recites most of the relevant evidence:

"THE COURT: With respect to the illegality of the arrest, we have proof here from the owner of the grocery store, Mr. Owings, as to the attempt of the defendant Clemmons to cash that money order; that when he discovered that it was a stolen money order, he went to call the police, and when that occurred, Clemmons ran out, I believe, the front door of the store, and that the owner of the grocery, Mr. Owings, had one of his assistants go out and get the number and the make of the car, which was reported to the police. Therefore, the police had information which they had reason to believe that someone had tried to cash a stolen money order and had left in that particular automobile. It would seem to me quite clear that the police officer who made the arrest had reason to believe that felony had been committed and that the occupants of that car committed the felony. So I think that the arrest was legal without a warrant."

It also should be added that at the time of the arrests appellant Townsend was driving the Buick which the store owner had described to the police. Appellant Clemmons was riding with him. The officers who made the arrest had previously heard two broadcasts over the police radio concerning the attempt by someone whose description fitted appellant Clemmons to cash a stolen money order at the grocery store and this party's flight in the Buick car.

Actually the police broadcast reported two men in the car and described both. While all of these last facts were not admitted in evidence before the jury, they were before the District Judge who had to rule on the question of the legality of the arrest.

We believe under the totality of facts described, the police officers concerned had probable cause to believe that appellants had committed a felony and that the arrests without warrants were lawful. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). The search of the car was made on the scene immediately after the arrest. We believe it was incidental to the arrest and that the District Judge was correct in overruling the motion to suppress evidence. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925).

The second issue presented by this appeal concerns a Tennessee statute, T.C.A. § 40–806,[1] which requires an arresting officer to inform the person arrested of the reason for the arrest.

The arresting officer testified that the arrests were made because of the information concerning the attempt to cash the stolen money order at the grocery store. But he also testified that he told appellants that he was arresting them for "investigation." Appellants now contend that the officer's failure to follow the state statute cited renders the arrest illegal under state law and requires exclusion of the evidence seized, presumably under the rule of Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960).

We do not, however, reach any federal constitutional issue. We have examined the Tennessee case law applicable to T.C.A. § 40–806. We believe that Tennessee would not hold invalid an arrest on probable cause where the offenders were as personally involved and the arrest was as closely proximate to the offense in time and connecting facts as is true here.

1. T.C.A. § 40–806 provides in part: "When arresting a person, the officer shall inform him of his authority and the cause of the arrest, and exhibit his warrant if he have one, except when he is in the actual commission of the offense, or is pursued immediately after an escape."

**410**

In Lewis v. State, 40 Tenn. 127, 147 (1859), the Supreme Court of Tennessee said:

"[U]pon fresh pursuit afterwards, notice is not necessary; because * . * he must be supposed to know the cause of his arrest."

See also Love v. Bass, 145 Tenn. 522, 238 S.W. 94 (1921); State v. Parker, 81 Tenn. 221 (1884); Nickell v. Commonwealth, 285 S.W.2d 495 (Ky.1955); People v. Coffey, 12 N.Y.2d 443, 240 N.Y.S.2d 721, 191 N.E.2d 263, remittitur amended, 13 N.Y.2d 726, 241 N.Y.S.2d 856, 191 N.E.2d 910 (1963), cert. denied, 376 U.S. 916, 84 S.Ct. 671, 11 L.Ed.2d 612 (1964).

Affirmed,