Bessie McKENTRY, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.

No. 80–1248.

United States Court of Appeals, Sixth Circuit.

Argued June 2, 1981.

Decided July 24, 1981.

722

Seymour L. Muskovitz, McCroskey, Libner, Van Leuven, Feldman, Kortering, Cochrane & Brock, Muskegon, Mich., for plaintiff-appellant.

James S. Brady, U. S. Atty., Robert C. Greene, Asst. U. S. Atty., Grand Rapids, Mich., Joseph S. Friedman, Trial Atty., Social Security Div., Baltimore, Md., for defendant-appellee.

Before MERRITT and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

Ms. Bessie McKentry filed an application for disability insurance benefits under the Social Security Act on January 12, 1977. Her claim was denied without a hearing on its merits in a series of technical departmental procedures, culminating in an administrative determination that claimant failed to request a hearing and reconsideration of the initial denial of her claim within 60 days of the date of the Department's reconsideration notice.

Both the claimant and her attorney of record filed statements under oath that they never received from the Social Security Administration a copy of a notice of redetermination. Without conducting any hearing, the administrative law judge rejected these affidavits and made a determination of fact that claimant had been informed that any request for a hearing would have to be filed within 60 days from the date of notice. Upon the basis of this finding of fact, unsupported by evidence in the record, the administrative law judge dismissed appellant's request for a hearing. The Appeals Council agreed with the administrative law judge in denying reconsideration of the claim on the ground that claimant failed to file a request for a hearing within 60 days of issuance of the notice.

Ms. McKentry filed a timely complaint in the district court seeking judicial review. The district court approved the report and recommendation of the federal magistrate and granted summary judgment in favor of the Secretary.

We reverse and remand for a hearing of appellant's claim on its merits.

I

On March 15, 1977, Ms. McKentry filed with the Department an appointment of Seymour L. Muskowitz, attorney, of Muskegon, Michigan, to represent her in connection with her claim. The attorney filed with the Department an acceptance of

the appointment, giving his name and address. On the same date the attorney requested a redetermination of the Disability Denial Notice dated February 16, 1977.

The file contains a copy of a "Notice of Reconsideration" dated August 29, 1977, stating that "If you want a hearing, you must request it not later than 60 days *from the date you receive this notice.*" (Emphasis supplied.) The notice contains the name of Ms. McKentry but we find no evidence in the file that it was mailed to her. Apparently the Department does not contend that a copy was mailed to her attorney.

On December 14, 1978, the attorney wrote the following letter:

Social Security Administration

950B W. Norton Avenue

Muskegon, MI 49441

RE: Bessie L. McKentry, 321–22–3256

Gentlemen:

By letter of March 18, 1977, we requested a redetermination for the determination of February 17, 1977, and we in turn enclosed our appointment of representative form SSA–1696.

We never received a redetermination. If we had, we would have requested a hearing.

We hereby request that a hearing be initiated at this point assuming that you have in fact issued an adverse redetermination.

Very truly yours,

SEYMOUR L. MUSKOVITZ

SLM:ms

On December 28, 1978, the Department wrote a letter to the attorney stating:

Since you did not receive a notification of the reconsideration denial of August 29, 1977, we are sending you the necessary forms to file for a hearing on behalf of Mrs. McKentry. The Administrative Law Judge will then rule on the timeliness of your request.

On the following day, December 29, 1978, the attorney filed a request for a hearing.

The administrative law judge ruled that 20 C.F.R. 404.918 provides that a request for hearing must be filed within 60 days after the date of *mailing notice.* The federal magistrate likewise interpreted the regulation as requiring a request for hearing to be filed within 60 days of the *date of mailing* of the notice of the reconsidered determination.

20 C.F.R. 404.918 [1] provides as follows:

§ 404.918 Time and place of filing request.

The request for hearing shall be made in writing and filed at an office of the Social Security Administration or, in the case of an individual in the Philippines, at the Veterans Administration Regional Office in the Philippines, or with a presiding officer, or the Appeals Council, or, in the case of an individual having 10 or more years of service in the railroad industry (see Subpart O) or of an individual entitled to an annuity on the basis of an award under the Railroad Retirement Act prior to October 30, 1951, who requests in writing a hearing with respect to his application to establish a period of disability under section 216(i) of the Act, at an office of the Railroad Retirement Board. The request for hearing must be filed within 60 days after the *date of receipt of notice* of the reconsidered determination by such individual. (Emphasis supplied.)

20 C.F.R. § 404.954a provides:

§ 404.954a "Good cause" for extension of time to request reconsideration, hearing, or review, or to begin civil action.

With regard to §§ 404.953 and 404.954, an extension of time to request reconsideration, hearing, or review, or to begin civil action may be granted if the individual establishes to the satisfaction of the Administrative Law Judge, the Appeals Council, or other component of the Social Security Administration, that his failure to file a timely request was due to good cause. In determining whether "good

---

1. This regulation was in effect in August 1977 at the time of the alleged mailing of the notice to appellant.

cause" for failure to file a timely request has been established by the individual, consideration is given to whether the failure to file the request within the proper time limit was the result of circumstances which impeded the individual's efforts to pursue his claim, misleading action of the Social Security Administration, or misunderstanding as to the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions. For example, good cause for failure to file a timely request may be found where such failure resulted from the following circumstances:

\* \* \* \* \* \*

(g) The individual failed to receive the notice of initial determination, reconsideration, decision of an Administrative Law Judge, or a decision of the Appeals Council;

Thus, contrary to the holding of the administrative law judge and federal magistrate, the 60 days begins to run from the *date of receipt of notice*, not the date of the *mailing* of the notice.

We find no evidence in the record that the notice was ever mailed to the appellant. The presence of a piece of paper in the Department's file is not necessarily proof of mailing. *Atteberry v. Finch*, 424 F.2d 36 (10th Cir. 1970). Assuredly the Department should have mailed a copy to her attorney, since it had received notice of his name and address on a properly executed copy of the notice and acceptance of his appointment.

## II

In *Walston v. Gardner*, 381 F.2d 580, 585 (6th Cir. 1967), this court wrote

The Social Security Act is remedial in nature, seeking to provide assistance to those who are medically unable to secure employment, and is to be construed liberally. *Polly v. Gardner*, 364 F.2d 969 (6th Cir. 1966).

To like effect see *Helvering v. Davis*, 301 U.S. 619, 641–45, 57 S.Ct. 904, 908–10, 81 L.Ed. 1307 (1937); *Otworth v. Finch*, 435 F.2d 542, 543 (6th Cir. 1970); *Davidson v.*

*Gardner*, 370 F.2d 803 (6th Cir. 1966); *Ewing v. Black*, 172 F.2d 331, 335 (6th Cir. 1949).

■ The Secretary relies upon the presumption of delivery of mail. This presumption does not prevail in the present case for three reasons: (1) No copy of the notice was mailed to appellant's attorney of record and we find no evidence in the record establishing that a copy was mailed to appellant; (2) the presumption, if it did arise, is rebuttable; and (3) appellant introduced evidence of non-receipt of the notice. *See Baldwin v. Fidelity Phenix Fire Insurance Co. of N. Y.*, 260 F.2d 951, 953 (6th Cir. 1958); *Masters v. United States*, 229 F.2d 677 (6th Cir. 1956); *Bailey v. United States*, 642 F.2d 344, 346–47 (9th Cir. 1981); *Legille v. Dann*, 544 F.2d 1, 4–7 (D.C.Cir.1976); *Breeden v. Weinberger*, 493 F.2d 1002, 1006 (4th Cir. 1974).

This court takes judicial notice of the substantial number of cases on its docket involving thefts of letters from the Social Security Administration to claimants. For example, see *United States v. Dobson*, 512 F.2d 615 (6th Cir. 1975); *United States v. Smith*, 441 F.2d 608 (6th Cir. 1971); *United States v. Clemmons*, 390 F.2d 407 (6th Cir. 1968).

Considerable judicial and administrative time could have been saved, and the protracted delay in the adjudication of the merits of appellant's claim might have been avoided, if the administrative law judge had conducted a hearing, instead of making a finding of fact based upon an administrative file and the rejection of the affidavits of appellant and her attorney. *See Blankenship v. Secretary of HEW*, 587 F.2d 329 (6th Cir. 1978).

The summary judgment of the district court is reversed. The case is remanded to the district court with directions to enter an appropriate order requiring the Secretary to grant a hearing to appellant and dispose of the claim on its merits.