STATE of Tennessee, Appellee,

v.

**Barry Allen HILL, Appellant.**

Court of Criminal Appeals of Tennessee.

Jan. 27, 1982.

---

Robert L. Littleton, Dickson, for appellant.

William M. Leech, Jr., State Atty. Gen., Wayne E. Uhl, Asst. State Atty. Gen., Heidi Z. Dorris, Research Asst., State Atty. Gen., Nashville, James W. Kirby, Dan Alsobrooks, Asst. Dist. Attys. Gen., Ashland City, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of possession of marijuana and sentenced to serve eleven (11) months and twenty-nine (29) days in the county jail. This conviction arose from indictment number 11516 in the trial court.

The defendant was also tried at the same time under indictment number 11517. In 11517, the jury could not reach a verdict and a mistrial was declared and the case was retained in the trial court for further proceedings. The defendant may not appeal from the action which took place on indictment number 11517 because there is no final judgment in the case. Therefore, the appeal in 11517 is dismissed.

In case number 11516, which is properly before us, the defendant says the officer did not properly arrest him, says the search of his automobile was contrary to constitutional safeguards, says the evidence was insufficient to support the verdict, says the chain of custody of the marijuana was not properly established in order to allow its introduction, and says inadmissible hearsay was introduced into evidence.

The judgment in indictment number 11516 is affirmed.

On March 8, 1980, Mike Cannon, acting as an informant for the sheriff's department, arranged to buy drugs from the defendant. The sheriff and another officer gave Cannon marked money with which to make the purchase.

At approximately 5:00 p. m., on May 8, 1980, the sheriff and another officer went to an area near a church parking lot where the transaction was to take place. The sheriff and an Officer Sanker parked their vehicle near the parking lot. However, from the location of their vehicle it was impossible to see the transaction take place. Sanker left the vehicle and got in a position where he could get a clear view of the parking lot. Sanker observed the defendant pull his vehicle along side Cannon's vehicle. He then saw Cannon hand something to the defendant and saw the defendant hand a bag to the defendant. The defendant and Cannon drove away, and Sanker and the sheriff pursued them. As the officer passed Cannon, Cannon nodded yes, to show the sale had occurred.

The defendant stopped at an intersection, and the officer pulled up beside him. Sanker got out of his car and approached the defendant's car. Sanker told the defendant he was under arrest, informed him of his rights, removed one hundred twenty-five dollars ($125.00) from the defendant's shirt pocket, and found two bags of marijuana inside the passenger compartment of the vehicle. The money removed from the defendant was the marked money which had been given to Cannon.

The sheriff went to a designated place to meet Cannon. He received a bag of plant material from Cannon and twenty-five dollars ($25.00) dollars in marked money.

Sanker ran a field test on the plant material by use of a kit supplied by the drug enforcement authorities. The test showed the material to be marijuana.

The defendant offered no evidence in the trial before the jury.

We conclude the search of the defendant's vehicle was not unreasonable, unlawful or violative of any constitutional provisions against unreasonable search and seizure.

The officer had arranged for Cannon to make a drug purchase from the defendant. Officer Sanker saw what appeared to be a drug transaction take place between the defendant and Cannon. Cannon drove past the officer and nodded his head as a prearranged signal to tell the officer a drug transaction had taken place. The officer followed the defendant to arrest him. Officer Sanker testified he told the defendant he was under arrest as he approached the vehicle. The defendant testified in the suppression hearing Sanker did not tell him he was under arrest until after he was taken to jail, which was well after the marijuana was seized.

The trial judge found against the defendant on this issue, and the record supports his finding.

The officer had probable cause to arrest the defendant. He was arrested prior to the search of the vehicle. This being the case, the officer could lawfully search the interior of the passenger compartment and any container therein. *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Furthermore, the state's evidence, which is unrefuted, shows the defendant consented to the search of his vehicle.

The defendant claims he is entitled to relief because the officer did not tell him for what offense he was being arrested.

**830**

An officer is required by statute to inform a person of the cause of their arrest. T.C.A. § 40–806. However, strict adherence to the statute is not required where the defendant knows or has notice of the cause of his arrest. *United States v. Clemmons,* 390 F.2d 407 (6th Cir. 1968); *Lewis v. State,* 40 Tenn. 127 (1859).

When Officer Sanker told the defendant he was under arrest, the defendant said, "I knew all along I shouldn't have fooled with that fellow." Obviously, the defendant knew why he was being arrested. Therefore, this issue is without merit.

The defendant's claim the arrest was illegal because he was not given *Miranda* warnings is without merit because such warnings are not required in order to make an arrest.

In the trial of this case, there was no testimony from a laboratory technician who had conducted a test of the plant material to determine if it was marijuana. However, Officer Sanker testified he had several years experience in detecting marijuana and the material was marijuana. Additionally, Officer Sanker testified he conducted a field test, as he had been trained to do, by placing a chemical on the plant and the test was positive for marijuana. This evidence was sufficient to prove the plant material was marijuana beyond a reasonable doubt. *State v. Doelman,* 620 S.W.2d 96 (Tenn.Cr. App.1981).

The defendant did not object to the introduction of the marijuana on the basis of a defect in the chain of custody. Therefore, he may not raise this issue on appeal. Rule 36(a) T.R.A.P.

The defendant asserts the state was allowed to introduce hearsay evidence based upon testimony about gestures made by Cannon, who did not testify. It is not necessary for us to determine if this amounted to hearsay. In the case which arose from Cannon's participation, no judgment was reached. In the case before us, this could only go to the probable cause to arrest the defendant. Hearsay is admissible on the issue of probable cause to arrest. Therefore, if this evidence was hearsay it was admissible for the purpose of showing probable cause. The defendant has suffered no harm in the other case and is entitled to no relief on this issue in this case.

DUNCAN and SCOTT, JJ., concur.