NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0252n.06
Filed: April 11, 2006

No. 05-5631

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FRITZ K. HOBT,

     Plaintiff-Appellant,

v.                                  **ON APPEAL FROM THE UNITED**
                                          **STATES DISTRICT COURT FOR THE**

COMMISSIONER OF SOCIAL SECURITY,    **EASTERN DISTRICT OF TENNESSEE**

     Defendant-Appellee.

                                            /

BEFORE:    MARTIN and CLAY, Circuit Judges; SARGUS, District Judge.[*]

**Per Curiam**. Plaintiff, Fritz K. Hobt, appeals an order of the United States District Court

for the Eastern District of Tennessee, dismissing Plaintiff's appeal of the Social Security

Administration's ("SSA") holding, finding that Plaintiff's request for a hearing on his claim for

disability ("DIB") and supplemental security income benefits ("SSI") was untimely. Pursuant to this

Court's decision in *McKentry v. Secretary of Health & Human Services*, 655 F.2d 721 (6th Cir.

1981), we **REVERSE** the order of the district court and **REMAND** to the SSA for a hearing on the

merits of Plaintiff's claim.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Court Judge for the Southern District of
Ohio, sitting by designation.

## I.

Plaintiff filed an application for DIB and SSI benefits with the SSA in March 2003. The SSA denied Plaintiff's application on May 16, 2003. Thereafter, Plaintiff requested reconsideration. According to Plaintiff, he never received a notice informing him that his request for reconsideration was denied. Thus, in September 2003, Plaintiff contacted an attorney. Plaintiff's attorney, Kenneth A. Miller, proceeded to inform the SSA that he now represented Plaintiff in Plaintiff's claim for benefits. On December 2, 2003, the SSA contacted Miller and informed him that the SSA had denied Plaintiff's request for reconsideration. According to the SSA, the request for reconsideration was dated September 2, 2003.

On December 5, 2003, Miller filed a request for a hearing on Plaintiff's claim for benefits. Along with the request, Miller filed a statement of good cause, explaining that Plaintiff had only learned on the denial of his request for reconsideration on December 2, 2003. Nonetheless, a SSA administrative law judge ("ALJ") denied Plaintiff's request for a hearing, holding that the request was not timely filed. The ALJ explained that 20 C.F.R. §§ 404.933(b), 416.1433(b) require claimants to file requests for a hearing within 60 days of receiving notice of the denial of reconsideration. The ALJ presumed that Plaintiff received the notice within 5 days of the date on which the SSA claimed to have mailed the notice. Accordingly, the ALJ determined that Plaintiff should have filed the request by November 6, 2006, and dismissed the request as untimely.

## II.

The outcome in this case is squarely controlled by this Court's decision in *McKentry v. Secretary of Health & Human Services*, 655 F.2d 721 (1981). As we recognized in *McKentry*, the

plain language of the regulations at issue in this case, now codified at 20 C.F.R. §§ 404.933(b), 416.1433(b), provides that the statute of limitations on a request for a hearing begins to run only upon actual receipt of the notice of denial. *Id.* at 724. ("[T]he 60 days begins to run from the date of receipt of notice, not the date of mailing the receipt.") Here, Plaintiff learned of the denial of his request for reconsideration on December 2, 2003. Thus, Plaintiff had until January 31, 2004 to file his request for a hearing. As Plaintiff filed his request on December 5, 2003, the request was timely.

The ALJ's use of a presumption of receipt with 5 days of the alleged date of mailing was contrary to the case law of this Circuit. *Id.* As this Court explained in *McKentry*, a presumption of receipt is inappropriate where there is no evidence that the notice was ever mailed. *Id.* Additionally, the *McKentry* court expressly held that a dated copy of the notice in a claimant's file was not proof mailing. *Id.* ("The presence of a piece of paper in the Department's file is not necessarily proof of mailing.") Even if such a presumption were appropriate, however, it was effectively rebutted by claimant's uncontradicted statement that he did not receive notice of the denial until December 2, 2003. *Id.*

### III.

For the foregoing reasons, we **REVERSE** the order of the district court and **REMAND** to the SSA for a hearing on the merits of Plaintiff's claim for benefits.

3