IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 2, 2026

**STATE OF TENNESSEE v. ULESTER A. CROSS**

**Appeal from the Circuit Court for Madison County**
**No. 20-293   Joseph T. Howell, Judge**

_____

**No. W2025-01461-CCA-R3-CD**

_____

Defendant, Ulester A. Cross, pled guilty to three counts of driving while his license was suspended, and one count each of simple possession of marijuana and introducing contraband into a penal facility. He received an effective sentence of four years as a Range I offender, to be served on probation following service of forty-five days. Following a hearing on a warrant for violation of his probation, the trial court revoked Defendant's probation and ordered him to serve the balance of his original sentence incarcerated. Defendant appeals, arguing that the trial court erred in revoking probation without making sufficient findings. Following a review of the entire record, the briefs of the parties, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JOHN W. CAMPBELL, SR., JJ., joined.

Terrell Tooten, Memphis, Tennessee, for the appellant, Ulester A. Cross.

Jonathan Skrmetti, Attorney General and Reporter; Leslie Renee Byrd, Assistant Attorney General; Jody Pickens, District Attorney General; and Scott G. Kirk, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

Defendant was indicted by a Madison County grand jury for three counts of driving while his license was suspended, and one count each of simple possession of marijuana, introducing contraband in a penal facility, and violation of an order of protection. On November 13, 2020, he pled guilty pursuant to a negotiated plea agreement to all counts except the order of protection violation, which was dismissed. He was sentenced to an effective four-year sentence, suspended to probation except for forty-five days to serve day-for-day in the local jail.[1]

On February 21, 2025, a violation of probation warrant was filed alleging Defendant violated Rule 1 of his probation for multiple arrests in Hardeman County: December 13, 2024, arrested and charged with aggravated criminal trespass, docket number 2024CR1348; December 21, 2024, arrested and charged with stalking in docket number 2024CR1392; January 4, 2025, arrested and charged with driving on a revoked license in docket number 2025CR26; January 13, 2025, arrested and charged with criminal trespassing, possession of drug paraphernalia, stalking, tampering with evidence, resisting arrest, and possession of methamphetamines in docket number 2025CR84. The warrant also alleged Defendant violated Rule 2 by failing to report the above arrests.

The probation violation report shows the following history of supervision in this case:

07/21/2022 – The offender was arrested for driving with no insurance, violation of law, and violation of registration. He received a sanction for misdemeanor charges.

01/06/23 – Warrant signed by the Honorable Judge Roy Morgan.

08/27/2023 – The offender was arrested and held in Madison [County.]

09/27/2023 – The VOP was settled on case #20-293 and ordered to serve 90 days in jail time, complete A/D assessment, and follow any recommendations, sentence to begin anew as of 9/27/23.

---

[1] Because the transcript of the plea colloquy is not in the record, we do not have a record of the underlying facts supporting Defendant's guilty plea.

02/09/24 – PPM A. Jones completed a sanction and violation on the offender for new charges of Failure to Appear, Tampering with Evidence, Simple Possession, and unlawful Drug Paraphernalia.

04/08/2024 – The offender was arrested by the Bolivar Police Department and charged with Sexual Exploitation of a Minor (Warrant number 2024-CR-352), Solicitation of a Minor (Warrant number 2024-CR-352), and Unlawful Drug Paraphernalia. He was transported to Hardeman County Criminal Justice Complex. Booking number 20240505. Case number 2404082020.

07/10/2024 – Violation report and warrant submitted to management for review.

07/17/2024 – Warrant signed to the Honorable Judge Howell.

10/01/2024 – The VOP was settled on case # 20-293 and ordered to serve 4 years at 30% suspended after 150 days with remaining to state probation.

12/02/2024 – The offender revocation hearing for case #20-293, offender had amended warrant issued. Offender was revoked and began anew. Offender will serve 60 days at 70%.

At the probation violation hearing on August 25, 2025, Defendant's probation officer, Lynn Tiller, testified that she filed the violation report based on Defendant's multiple arrests in Hardeman County and for his failure to report his arrests and charges. She had little communication with Defendant and had not supervised him long because he "went back to jail." On cross-examination, Ms. Tiller agreed that Defendant reported by calling in one time and that he needed a mental health evaluation.

Officer Matthew Nethery was employed by the Boliver Police Department in January 2025. He identified Defendant in court and testified that he arrested Defendant on January 13, 2025. Officers were looking for Defendant because he had previously trespassed, had a history of stalking, and had been prohibited from being at the residence in Boliver where he was located. Ms. Ledicia Dennis, who lived at the residence, had called 911 to report Defendant's presence. Officers approached Defendant, called him by name, and ordered him to stop, but he ran. As he fled, Defendant "crossed the corner of the house in the shadow, he throwed (sic) something toward the back of the house." When Defendant was apprehended, he continued to resist. He was searched and had a "point five [] gram little baggie of methamphetamine in his right upper pocket." When officers searched the general area of the struggle, they located a broken glass pipe with burnt residue inside in the area where they saw him throw something; on a nearby picnic table, they also

found a black plastic bag Officer Nethery identified as a "pull-off baggie." Officer Nethery field-tested the substances by performing a "multi-detect test"; the results of the test showed the substances were positive for methamphetamine. Defendant was charged with possession of methamphetamine, resisting arrest, possession of drug paraphernalia, tampering with evidence, criminal trespassing, and stalking. Warrants for the arrests were entered as a collective exhibit at the hearing. The charges were still pending at the time of Officer Nethery's testimony.

During cross-examination, Defense counsel moved to strike Officer Nethery's statements that the substances were methamphetamine, arguing that the field test was hearsay, and not reliable, because it was a lab report. He also argued that because the report had not been provided to him or admitted in court, he could not examine the witness to question the reliability of the report. The State argued that any question about the reliability of the field test went to the weight of the evidence, not its admissibility. Officer Nethery testified that he had special training in multi-detect testing. The trial court denied the motion.

Defendant did not testify or present any proof at the hearing.

The trial court reviewed the history of the case and noted that in July 2020, there was an agreed order for Defendant to undergo a mental health evaluation. The court credited the testimony of Officer Nethery regarding Defendant's charges in Hardeman County and reviewed Defendant's prior convictions and multiple prior probation revocations in this case, stating:

> Now [Defendant] is here asking for help. We've just exhausted our options, unfortunately, with [Defendant]. Now we are here, and we're just at a point where we, again, have just exhausted all our remedies. Unfortunately, he's just demonstrated he is not a proper candidate for probation.

The court found Defendant to be in violation of his probation and revoked his probation, awarding credit for the time Defendant had served toward the four-year sentence. The court also recommended special needs consideration in the Department of Correction.

It is from this order that Defendant appeals.

- 4 -

**Analysis**

Defendant argues that the trial court erred when it violated his probation because it relied on hearsay evidence and did not make findings to justify the admission of the hearsay or why Defendant did not receive access to the evidence. The State responds that the trial court properly revoked Defendant's probation when it found that Defendant committed multiple new offenses. We agree with the State.

It is within a trial judge's discretionary authority to revoke a defendant's probation upon finding by the preponderance of the evidence that a defendant has violated the conditions of his or her probation. *See* T.C.A. § 40-35-311(d)(1); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). We review the trial court's decision to revoke probation for abuse of discretion with a presumption of reasonableness "so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022). When the trial court fails to place its reasons on the record, the reviewing court may either conduct a *de novo* review if the record is sufficiently developed for the court to do so or remand the case to the trial court to make findings. *Id.* (citing *State v. King*, 432 S.W.3d 316, 327-28 (Tenn. 2014)); *see also State v. Stewart*, No. M2021-00595-CCA-R3-CD, 2022 WL 1236982, at *3 (Tenn. Crim. App. Apr. 27, 2022). "In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Farrar*, 355 S.W.3d 582, 586 (Tenn. Crim. App. 2011) (quoting *Harkins*, 811 S.W.2d at 82); *see State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see also State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)) ("A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party.").

A trial court must engage in a "two-step consideration" when determining whether to revoke a defendant's probation. *Dagnan*, 641 S.W.3d at 757. As explained by the Tennessee Supreme Court "[t]he first [step] is to determine whether to revoke probation, and the second is to determine the appropriate consequence upon revocation." *Id.* If a trial court finds by a preponderance of the evidence that a defendant violated his or her probation, then it is within the trial court's discretionary authority to revoke the defendant's probation. T.C.A. § 40-35-311(d)(1), (2); *Dagnan*, 641 S.W.3d at 756; *State v. Beard*, 189 S.W.3d 730, 734-35 (Tenn. Crim. App. 2005). Once a trial court decides to revoke a defendant's probation, it must then determine the appropriate consequences of the revocation. *Dagnan*, 641 S.W.3d at 756. The trial court may "impose one of several

- 5 -

alternative consequences: (1) order incarceration for some period of time; (2) cause execution of the sentence as it was originally entered; (3) extend the defendant's probationary period by up to two years; or (4) return the defendant to probation on appropriate modified conditions." *State v. Daniel*, No. M2021-01122-CCA-R3-CD, 2022 WL 6644369, at *2 (Tenn. Crim. App. Oct. 11, 2022) (quoting *Dagnan*, 641 S.W.3d at 756).

Here, the trial court complied with the first *Dagnan* consideration when it credited Officer Nethery's testimony and found that Defendant had committed the new crimes with which he had been charged in Hardeman County. A trial court's findings do not have to be "particularly lengthy or detailed but only sufficient for the appellate court to conduct a meaningful review of the revocation decision." *Dagnan*, 641 S.W.3d at 759. The trial court's findings were sufficient for this court to conduct a meaningful review, and the record supports its findings.

Defendant complains that the only evidence to support the identification of the methamphetamine found on Defendant was hearsay. He acknowledges in his brief that reliable hearsay is admissible in a probation revocation hearing but claims he did not have a fair opportunity to rebut the evidence because the report showing the substance field-tested positive for methamphetamine was not available at the probation violation hearing. *See* T.C.A. 40-35-209(b).

Officer Nethery testified that he had been trained in multi-detect field-testing of substances. He conducted the field test in this case and testified that the test indicated the substance was methamphetamine. This court has found testimony of field-test results from the officer who conducted the testing to be admissible in a trial to "prove the plant material was marijuana beyond a reasonable doubt." *State v Hill*, 638 S.W.2d 827, 830 (Tenn. Crim. App. 1982) ; *see also State v. Doelman*, 620 S.W.2d 96, 99 (Tenn. Crim. App. 1981); *State v. Comer*, No. E2013-00906-CCA-R3CD, 2014 WL 1259159 (Tenn. Crim. App. Mar. 26, 2014) (concluding that the trial court did not abuse its discretion in allowing officer to offer testimony regarding the administration of a drug field test and its results); *State v. Primm*, No. 01C01-9712-CC-00571, 1998 WL 849305, at *2 (Tenn. Crim. App. Dec. 9, 1998) ("Law enforcement officers may, based upon proper training, testify as to the results of field tests indicating the existence of suspected controlled substances."). When an officer testifies about field-test results the officer personally conducted, the testimony is not hearsay because it represents the officer's own observations and actions rather than out-of-court statements, provided the officer has proper training and follows established procedures. In this case, it was not error to rely on the results of the field test when the officer who conducted the test had been trained and personally testified about the results of the test to prove Defendant's violation of the terms of his probation.

Even without the proof that the substances in Defendant's possession were methamphetamine, Defendant does not challenge the evidence that he committed the offenses of resisting arrest, possession of drug paraphernalia, tampering with evidence, criminal trespassing, and stalking. The trial court did not abuse its discretion in finding Defendant in violation of his probation.

Turning to the trial court's decision to serve his sentence in the Department of Correction, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jones*, No. E2023-00155-CCA-R3-CD, 2023 WL 6389810, at *3 (Tenn. Crim. App. Sept. 29, 2023) (quoting *State v. Shelton*, No. E2022-00875-CCA-R3-CD, 2023 WL 2261081, at *3 (Tenn. Crim. App. Feb. 28, 2023)), *no perm. app. filed*; *State v. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999); *see State v. Brumfield*, No. M2015-01940-CCA-R3-CD, 2016 WL 4251178, at *3 (Tenn. Crim. App. Aug. 10, 2016); *see also State v. Johnson*, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002). The record supports the trial court's finding that Defendant was "not a proper candidate for probation," and thus the trial court's decision to fully revoke Defendant's probation .

The trial court did not abuse its discretion in finding Defendant in violation of his probationary sentence and revoking his probation, nor in ordering him to serve the balance of his sentence in confinement. Defendant is not entitled to relief.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

s/*Jill Bartee Ayers*
JILL BARTEE AYERS, JUDGE