**Arnold HARRIS, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 01–3522.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2001.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

*ORDER*

Arnold Harris appeals a district court order dismissing his complaint seeking judicial review of the Commissioner's decision denying his application for supplemental security income (SSI) benefits. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 31, 2000, Harris filed his complaint, asserting that the defendant had improperly denied his SSI application. Over Harris's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the complaint as untimely. Harris has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Harris's complaint as barred by the applicable statute of limitations. This court reviews de novo a district court judgment dismissing a suit as barred by a statute of limitations. *Sierra Club v. Slater,* 120 F.3d 623, 630 (6th Cir.1997).

Harris did not file his complaint within the applicable statutory period. In order to obtain review of a final decision of the Commissioner of Social Security, the applicant must file an action in district court within sixty days after the decision denying benefits is mailed to him. 42 U.S.C. § 405(g); *Biron v. Harris,* 668 F.2d 259, 260–61 (6th Cir.1982). The notice of the final decision denying Harris's SSI application was mailed on March 16, 2000. The Commissioner has interpreted "mailing" as the date of the applicant's receipt of the decision, and the date of receipt is pre-

sumed to be five days after the notice's date, unless the applicant makes a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). Since Harris has not made a showing to the contrary, the last day within which Harris had to file an action seeking judicial review of the final decision was May 22, 2000. However, as noted above, Harris did not file his action in the district court until May 31, 2000, and therefore, his action is barred by the statute of limitations.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Before SILER and BATCHELDER, Circuit Judges; HOOD, District Judge.*