**Darwin MILLER, SSN: 288–64–9825, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

No. C–1–00–840.

United States District Court,
S.D. Ohio,
Western Division.

Dec. 20, 2001.

Eric P. Allen, O'Connor, Acciani & Levy, Cincinnati OH, FTS, for Darwin Miller.

Randall Eugene Yontz, United States Attorney's Office, Columbus, OH, for Department of Health and Human Services.

### ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 12), defendant's objections thereto (doc. no. 13) and plaintiff's reply (doc. no. 14). Plaintiff, a Supplemental Security Income claimant, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income. The Judge concluded that the ALJ's non-disability finding be reversed and the matter remanded to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g).

Defendant objects to the Judge's Report and Recommendation on the grounds that his findings are contrary to law and unsupported by substantial evidence in the record.

Judicial review of the Commissioner's decision is limited in scope by 42 U.S.C. § 405(g). The Court's sole function under the statute is to determine whether there is substantial evidence to support the Commissioner's findings of no disability and she applied the correct legal standard. The Commissioner's findings should stand if, after a review of the record in its entirety, the Court finds that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and she applied the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Mullen v. Bowen,* 800 F.2d 535 (6th Cir.1986); *Kirk v. Sec. of HHS,* 667 F.2d 524 (6th Cir.1981), *cert. denied* 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983); *Clifton v. Chater,* 79 F.3d 1007 (10th Cir.1996).

Upon a *de novo* review of the record, especially in light of defendant's objections, the Court finds that defendant's contentions have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge that the Commissioner's decision is contrary to law. *Id.*

Accordingly, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge and the final decision of the Commissioner denying plaintiff supplemental security income benefits is hereby **REVERSED.** This matter is **REMANDED** to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g), and the ALJ is instructed to fully consider and state her reasons for determining whether plaintiff satisfies Listing § 11.03 as a result of his epilepsy.

This matter is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

**REPORT AND RECOMMENDATION THAT THE ALJ'S NON–DISABILITY FINDING BE REVERSED, AND THIS MATTER REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g)**

SHERMAN, United States Magistrate Judge.

\*　　\*　　\*　　\*　　\*　　\*

**NOTICE TO THE PARTIES REGARD-
ING THE FILING OF OBJEC-
TIONS TO THIS R & R**

This is a Social Security disability bene-
fits appeal for which the Court previously
heard oral argument. At issue is whether
the ALJ erred in finding plaintiff "not
disabled" at Step 5 of the sequential bene-
fits analysis,[1] and therefore unentitled to
Supplemental Security Income ("SSI").[2]
*See* tr. 19–26 (ALJ's decision); *see also*
tr. 27–29 (Psychiatric Review Technique
Form completed by the ALJ).

**I.**

The sequential benefits analysis works
as follows: At Step 1, the ALJ asks if the
claimant is still performing substantial
gainful activity; at Step 2, the ALJ deter-
mines if one or more of the claimant's
impairments are "severe"; at Step 3, the
ALJ analyzes whether the claimant's im-
pairments, singly or in combination, meet
or equal a Listing in the Listing of Impair-
ments; at Step 4, the ALJ determines
whether or not the claimant can still per-
form his past relevant work; and, finally,
at Step 5—the step at which the burden of
proof shifts to the ALJ—the ALJ deter-
mines, once it is established that the claim-
ant can no longer perform his past rele-
vant work, whether significant numbers of
other jobs exist in the national economy
which the claimant can perform. *See
Gwizdala v. Commissioner of Soc. Sec.*,
No. 98–1525, 1999 WL 777534, at *2 n. 1
(6th Cir. Sept. 16, 1999) (*per curiam*).

The Court's inquiry on appeal is to de-
termine whether the ALJ's application of
that five-step test—resulting in a non-dis-
ability finding—is supported by substantial

evidence. 42 U.S.C. § 405(g). Substantial
evidence is "such relevant evidence as a
reasonable mind might accept as adequate
to support a conclusion." *Richardson v.
Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420,
28 L.Ed.2d 842 (1971). In performing this
review, the Court considers the record as a
whole. *Hephner v. Mathews*, 574 F.2d
359, 362 (6th Cir.1978). If substantial evi-
dence supports the ALJ's denial of bene-
fits, that finding must be affirmed, even if
substantial evidence also exists in the rec-
ord upon which the ALJ could have found
plaintiff disabled. As the Sixth Circuit has
explained:

> The Commissioner's findings are not
> subject to reversal merely because sub-
> stantial evidence exists in the record to
> support a different conclusion. The sub-
> stantial evidence standard presupposes
> that there is a "zone of choice" within
> which the Commissioner may proceed
> without interference from the courts. If
> the Commissioner's decision is sup-
> ported by substantial evidence, a review-
> ing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th
Cir.1994).

**II.**

Plaintiff claimed before the ALJ that he
suffered from multiple impairments includ-
ing, *inter alia*, epilepsy. At Step 1, the
ALJ found that plaintiff was no longer
performing substantial gainful activity.
Tr. 24. At Step 2, the ALJ determined
that plaintiff suffered from multiple "se-
vere" impairments including seizure disor-
der (*i.e.*, epilepsy). Tr. 24–25. At Step 3,
the ALJ found that plaintiff's impair-

---

1. The Appeals Council declined to review that
finding. Tr. 8. Thus, it is the ALJ's non-
disability finding—*i.e.*, the "final decision" of
the Commissioner, *see* 42 U.S.C. § 405(g)—
that the Court reviews on appeal.

2. In his memorandum of law, the Commis-
sioner suggests that plaintiff then applied for
Disability Insurance Benefits ("DIB") as well
as SSI. *See* doc. 10 at 1.

ments—whether viewed singly, or in combination—did not meet or equal the elements of any Listing. Tr. 25. At Step 4, the ALJ determined that, although plaintiff did not retain the residual functional capacity ("RFC") to perform his past relevant work, he could perform a limited range of "sedentary" work.[3] *Id.* At Step 5, the ALJ—having relied upon the testimony of a vocational expert ("VE")—found plaintiff "not disabled" because a significant number of jobs in the national economy would accommodate plaintiff's restricted RFC. *Id.*

### III.

In response to the ALJ's analysis and non-disability finding, plaintiff argues that the ALJ failed to properly and adequately consider whether he was disabled under the Listings—particularly under Listing § 11.03, which concerns epilepsy.[4] Although the Sixth Circuit has not yet had the opportunity to address this issue, the other circuits which have addressed the issue have uniformly held that an ALJ must explain in detail why a Social Security claimant is, or is not, disabled under the Listings.

At [S]tep [T]hree, the ALJ determines whether the claimant's impairment "is equivalent to one of a number of listed impairments that the [Commissioner] acknowledges as so severe as to preclude substantial gainful activity." *Williams [v. Bowen]*, 844 F.2d at 751

(quotation omitted). In this case, the ALJ did not discuss the evidence or his reasons for determining that appellant was not disabled at [S]tep [T]hree, or even identify the relevant Listing or Listings; he merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment. Appellant's App. at 18–19. Such a bare conclusion is beyond meaningful judicial review. Under the Social Security Act,

> [t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.

42 U.S.C. § 405(b)(1). Under this statute, the ALJ was required to discuss the evidence and explain why he found that appellant was not disabled at [S]tep [T]hree. *Cook v. Heckler*, 783 F.2d 1168, 1172–73 (4th Cir.1986); *see also Brown v. Bowen*, 794 F.2d 703, 708 (D.C.Cir.1986) (relying upon 20 C.F.R.

---

**3.** Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a)(*re:* DIB), 416.967(a) (*re:* SSI) "Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

**4.** That Listing provides:

*Epilepsy—Minor motor seizures (petit mal, psychomotor, or focal), documented by EEG*

*and by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment.* With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

20 C.F.R. Part 404, Subpart P, Appendix 1, Listing § 11.03 (italics in original).

§ 404.953 and 5 U.S.C. § 557(c)(3)(A) to hold that an ALJ must explain his adverse decisions).

This statutory requirement fits hand in glove with our standard of review. By congressional design, as well as by administrative due process standards, this court should not properly engage in the task of weighing evidence in cases before the Social Security Administration. Rather, we review the [Commissioner's] decision only to determine whether her factual findings are supported by substantial evidence and whether she applied the correct legal standards. 42 U.S.C. § 405(g); *see also Byron v. Heckler,* 742 F.2d 1232, 1234–35 (10th Cir.1984).

*Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir.1996) (brackets added and omitted; citations omitted in part).

In this case, the ALJ agreed, at Step 2, that plaintiff's epilepsy was a severe impairment. At Step 3, she simply concluded, without further analysis, that plaintiff's epilepsy, and his other impairments, "do not meet or equal any section of the Listing of Impairments." Tr. 22. The ALJ thus failed to discuss the elements of Listing § 11.03, and whether or not the evidence demonstrated that plaintiff satisfied those elements. In the absence of such a discussion, the Court cannot conduct a meaningful review of the record, for it is unclear precisely *why,* in the ALJ's view, plaintiff did not satisfy Listing § 11.03. Recognizing that this issue must first be determined by the ALJ, not the Court, *see Clifton,* 79 F.3d at 1010, a remand is thus required—under the fourth sentence of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan,* 501 U.S. 89, 100, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)—in order to afford the ALJ an opportunity to clarify the record.

The Commissioner argues that the error in this case, if any, was made by plaintiff, who failed to satisfy his Step 3 burden of coming forward with evidence to prove that he was disabled under the Listings. *See Her v. Commissioner of Soc. Sec.,* 203 F.3d 388, 391 (6th Cir.1999) (clarifying that the burden of proving disability remains with the Social Security claimant at Steps 1 through 4, and does not shift to the ALJ until Step 5). The Court takes issue with this contention for two reasons. First, whether or not plaintiff came forward with the requisite evidence at Step 3, the ALJ was required to discuss that evidence, relative to the Listings, as required by *Clifton.* As noted above, the ALJ failed to do so, thus meriting a sentence four remand. Second, the record demonstrates that plaintiff did, in fact, come forward with evidence suggesting that he was disabled under Listing § 11.03 by *petit mal* seizures, to wit: EEG findings; the testimony of both plaintiff and his wife; and a calendar listing the dates, over many months' time, that plaintiff frequently suffered from seizures. *See* tr. 52–53, 57–58, 65–69, 210, 243–48, 294–97.

## IV.

The Court therefore **RECOMMENDS** that: (1) the ALJ's non-disability finding be **REVERSED;** (2) this matter be **REMANDED** to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g); and (3) the ALJ be instructed, on remand, to fully consider, and state her reasons for determining, whether or not plaintiff satisfies Listing § 11.03 as a result of his epilepsy.

Dated: Dec. 12, 2001.