RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 07a0106p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ELBRIDGE COOK,

　　　　　　　　　*Plaintiff-Appellant,*

　　　*v.*

COMMISSIONER OF SOCIAL SECURITY,

　　　　　　　　　*Defendant-Appellee.*

No. 06-5429

>

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.
No. 05-00198—Joseph M. Hood, Chief District Judge.

Argued: January 31, 2007

Decided and Filed: March 21, 2007

Before: GILMAN and SUTTON, Circuit Judges; TARNOW, District Judge.[*]

---

**COUNSEL**

**ARGUED:** James Roy Williams, YOUNG, REVERMAN & MAZZEI, Cincinnati, Ohio, for Appellant. Laurie G. Remter, SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE GENERAL COUNSEL, Atlanta, Georgia, for Appellee. **ON BRIEF:** James Roy Williams, YOUNG, REVERMAN & MAZZEI, Cincinnati, Ohio, for Appellant. Haila Kleinman, Joseph P. Palermo III, Dennis R. Williams, Mary Ann Sloan, Arthurice Brundidge, Douglas Wilson, SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE GENERAL COUNSEL, Atlanta, Georgia, John S. Osborn III, ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

---

**OPINION**

---

　　RONALD LEE GILMAN, Circuit Judge. Elbridge Cook, Jr. appeals from the district court's dismissal of his complaint for Social Security benefits as untimely filed. The sole issue before us is whether Cook's complaint was filed on the last day of his 60-day window to appeal or one day

---

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

beyond the close of that period.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.  BACKGROUND

In September of 1996, Cook applied to the Social Security Administration (SSA) for disability insurance benefits and supplemental security income (SSI) benefits due to his arthritis, curvature of the spine (scoliosis), spinal disc deterioration, and bad knee cartilage.  His application was denied in 1998 by an administrative law judge (ALJ).  After the SSA's Appeals Council denied Cook's request for review in February of 2000, thereby leaving the ALJ's ruling as the final decision of the Commissioner, Cook filed suit in federal district court.  The district court remanded Cook's application to the SSA for additional proceedings in accordance with sentence four of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to gather additional information about "the claimant's exertional level and literacy level."

On remand, the ALJ issued a partially favorable decision on Cook's application in January of 2003.  The ALJ found that Cook was disabled under § 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. § 401(a)(3)(A), beginning on June 9, 2001.  Cook was therefore entitled to SSI benefits from that date forward.  Although Cook alleged that the date of onset of his disability was June 9, 1995, which was prior to his last date of coverage for Social Security disability benefits (being September 30, 1997), the ALJ determined that Cook was not in fact disabled until June of 2001. The ALJ accordingly found that Cook was ineligible for regular disability benefits.

Cook appealed to the SSA's Appeals Council, which issued a notice of denial of review dated July 27, 2005.  This notice was sent to Cook by regular mail in an envelope bearing a postmark of July 28, 2005.  Cook later alleged in an affidavit that he received the notice sometime "in August of 2005."  In his affidavit, he said that he called his attorney to discuss the SSA's decision at that time.  His attorney allegedly had not yet received a copy of the decision, but stated that he anticipated receiving it "any day" and that they would talk when it arrived.  After several weeks, Cook's attorney had still not received the decision, so Cook faxed him a copy.  The July 27, 2005 notice bears no indication that a duplicate copy was mailed to Cook's attorney.  Other notices and decisions from the SSA in this case do reflect that Cook's attorney was sent duplicate copies.

On Monday, October 3, 2005, Cook filed a complaint in federal district court, appealing the Appeals Council's denial of review.  The SSA filed a motion to dismiss based on what it claimed was an untimely filing.  Cook did not respond to the agency's motion.  On January 17, 2006, the district court dismissed Cook's complaint as untimely.  The court specifically found that "[t]he last day for [Cook] to file an action challenging the denial of benefits was [Friday,] September 30, 2005."  Cook's attorney then filed a motion to alter or amend the court's order, arguing that he had not been aware of the SSA's motion to dismiss because it had been "inadvertently concealed inside the binder" containing the administrative record, which the attorney had received and filed without review.  The district court denied Cook's motion to alter or amend on January 31, 2006, finding "no reason why reopening [Cook's] case would not be futile."  This timely appeal followed.

## II.  ANALYSIS

### A.      Standard of review

We review de novo a district court's determination that a complaint was filed outside the applicable statute of limitations.  *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir. 1999).  Where the facts are undisputed, we also review de novo a decision on the application of equitable tolling; otherwise, we apply the abuse-of-discretion standard.  *Dunlap v. United States*, 250 F.3d 1001, 1007 n.2 (6th Cir. 2001).  Here, Cook argues that the facts are undisputed.

**B.        Computing the time for filing a Social Security appeal**

Under the Federal Rules of Appellate Procedure, Cook had 60 days from the Appeals Council's notice of denial in which to file his appeal. Fed. R. App. P. 4(a)(1)(B) ("When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."). But he also had a five-day "grace period" before the 60 days began to run, which reflects the SSA's rebuttable presumption that he received his notice of denial within five days of the date of the notice. 20 C.F.R. § 422.210(c). Rule 26(a)(3) of the Federal Rules of Appellate Procedure provides that when the final day of an appeals period falls on a Saturday or a Sunday, then those days are excluded in computing the time period. Fed. R. App. P. 26(a)(3). If the appeals period ended on a weekend day, the appellant accordingly would have until the following Monday in which to timely file.

**C.        The period for seeking judicial review had expired**

The 60-day limit for seeking judicial review of an adverse Social-Security-benefits determination is "not jurisdictional but a period of limitations." *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994) (declining to invoke equitable tolling to avoid the 60-day limitations period in a class-action challenge to the denials of disability status). Section 405(g) of the Social Security Act provides as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

If § 405(g) were the sole determinant of the timeliness of Cook's claim, then he would surely lose, because 60 days from the undisputed mailing date of July 28, 2005 would have been Monday, September 26, 2005. But the applicable implementing regulations effectively extend the terms of this limitations period as follows:

> Any [such] civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council *is received by* the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council *shall be presumed to be 5 days after the date of such notice*, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c) (emphasis added). Cook concedes that 20 C.F.R. § 422.210(c) governs this case.

Although § 405(g) uses the word "mailing," the regulations clarify that the 60-day period begins five days after the date of the denial notice. This regulation is in fact more generous than the statute alone. Most Social Security applicants live in areas where postal delivery typically takes less than five days. *See* U.S. Postal Service First-Class Mail Rates, http://www.usps.com/rates/first-class-mail-rates.htm (last visited March 19, 2007) (stating that the usual delivery time for first-class mail is one to three days). Such applicants effectively benefit from an extended grace period before the filing deadline. And those applicants who live in areas of the

country with slower postal service can seek an extension of the time for filing by making a "reasonable showing" that they did not receive their notice within the presumptive five-day period. 20 C.F.R. § 422.210(c).

This court has agreed that the date for filing a Social Security complaint runs from the date that the applicant receives the SSA's denial notice, not from the date of mailing. *McKentry v. Sec'y of Health and Human Servs.*, 655 F.2d 721, 724 (6th Cir. 1981) (finding that a disability claimant had rebutted the presumption of timely receipt where the administrative record did not reflect that the notice of denial was ever mailed to her or to her attorney). Moreover, this court has accepted the SSA's interpretation that "mailing" is the same as "receipt" in Social Security cases. *See, e.g., Harris v. Comm'r of Soc. Sec.*, No. 01-3522, 25 F. App'x 273, 273 (6th Cir. 2001) ("The Commissioner has interpreted 'mailing' as the date of the applicant's receipt of the decision, and the date of receipt is presumed to be five days after the notice's date, unless the applicant makes a reasonable showing to the contrary.").

But Cook urges us to calculate the five-day period from the date of mailing, represented by the postmark date, rather than from the date on the notice itself. Unlike the facts in *McKentry*, however, Cook does not deny that he received the Appeals Council's notice. He instead argues that the district court miscalculated the applicable review period because the notice was not actually postmarked until July 28, 2005, even though the first page of the notice bears a date of July 27, 2005.

Cook argues that the district court misconstrued *Davila v. Barnhart*, No. 01 CIV.194, 2002 WL 484678 (S.D.N.Y. Apr. 1, 2002), an unpublished opinion from the Southern District of New York, in finding the complaint untimely. But we believe Cook is the one who has misread *Davila*. In the Second and Fifth Circuit cases discussed in *Davila*, the plaintiffs had demonstrated that the notice was not mailed until more than five days after the date printed on its face. *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987) (the plaintiff showed that the notice was mailed seven days after its issuance); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984) (same). Because the notice in those cases was not mailed until seven days after it was issued, the applicants could not have received it within the five-day grace period. The *McCall* and *Matsibekker* plaintiffs thus made "reasonable showings" that rebutted the five-day presumption.

Cook, however, does not—because he cannot—make such an argument. At best, he recalls receiving the notice sometime "in August of 2005." But this fails to rebut the presumption that the notice arrived within five days of its issuance, i.e., on or before August 1, 2005. The date of August 1, 2005, after all, is obviously "sometime in August."

Contrary to Cook's argument, this court has consistently calculated the filing period from the date on the notice itself. *See, e.g.*, *McKentry*, 655 F.2d at 724; *Harris*, No. 01-3522, 25 F. App'x at 273-74. This is in keeping with the applicable regulations. Cook has presented no persuasive argument for deviating from this interpretation. His complaint filed on Monday, October 3, 2005, was thus one day late.

## D.    Equitable tolling is inapplicable

Cook's final argument is that he is entitled to equitable tolling of the deadline for filing his complaint. Section 405(g) of the Social Security Act authorizes the Commissioner to toll the 60-day limitations period under appropriate circumstances. 42 U.S.C. § 405(g). The Supreme Court has concluded that the application of traditional equitable tolling principles to § 405(g) is "consistent with the overall congressional purpose" of the statute and "nowhere eschewed by Congress." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (applying equitable tolling to extend the 60-day limitations period where the agency had engaged in "secretive conduct").

Our court considers the following five factors in determining the appropriateness of tolling a statute of limitations:

(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).  Cook does not argue that he lacked notice of the filing requirements.  Indeed, he cannot make such an argument because the Appeals Council's notice specifically informed him of the 60-day filing requirement.  The notice of denial of review specifically states that "[t]he 60 days [to file for judicial review] start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."

In addition, the Appeals Council's notice states that a claimant may ask the Council for an extension of time to file for court review and explains how and to whom such a request must be made.  ("You must have a good reason for waiting more than 60 days to ask for court review.  You must make the request in writing and give your reason(s) in the request.")  Cook does not allege that he requested an extension or communicated with the SSA in any way prior to filing his complaint in federal court, nor does he offer any excuse for why he could not have filed well within the 60-day filing period.  Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.

We therefore conclude that Cook's equitable-tolling claim is without merit in light of the five factors set out in *Dunlap*.  In the end, this case is a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.