SUTTON, J.,
dissenting.
While I have some sympathy for the majority’s view that Kellum has only him *52 self — and his counsel — to blame for this predicament, I cannot join its opinion based on one analogy and one line of precedent.
Analogy. In accordance with the local rules of the United States District Court for the Western District of Tennessee, Larry Kellum submitted his complaint in the only way that the court permits complaints or for that matter any other legal document to be filed — by electronic filing. W.D. Tenn. EOF Pol’y & Proc. 2.1. Kellum submitted the complaint on the afternoon of Wednesday, December 6, which (all agree) was the last day of the statute-of-limitations period. That same day, Kellum received an electronic message from the district court informing him that his complaint had been “filed on 12/6/2006.” JA 41. Kellum received no other communication from the court that day.
Not until the next day, a Thursday, did Kellum receive a notice indicating that there was a problem with the filing of his complaint. At 2:55 p.m., the district court sent him an e-mail indicating that the requisite “credit card authorization form had not been submitted.” JA 76. So far as the record shows, the e-mail did not say that the complaint had not been timely filed; it did not say that he had a certain amount of time to correct the problem or explain the consequences of failing promptly to correct the problem; and it did not explain the problem — namely, that he had not given the court his security code for the credit card. According to Kellum’s counsel, he tried to contact the court to determine what the problem was. But the record is silent as to when he made this contact, and it is silent as to what the clerk’s office said in response. One way or another, Kellum eventually learned that, while he had placed on file his credit-card information with the court, as required by local electronic-filing rules, see W.D. Tenn. ECF Pol’y & Proc. 2.B.A, he had not included his credit-card security code. Kellum’s attorney submitted the requisite credit-card security code on the morning of December 11, a Monday. After the attorney submitted this information, the district court sent Kellum a new notice of electronic filing, changing the filing date from December 6 to December 11 — placing the complaint outside of the limitations period.
While it is no doubt true that attorneys who wait until the last day of a statute-of-limitations period to file a complaint have only themselves to blame when Murphy’s Law comes knocking, that truth does not resolve this case. What ought to resolve this case is a comparison between what would have happened to Kellum if his attorney had done every one of these things but had filed a paper copy of his complaint by hand instead of filing it electronically. Had he filed a paper copy of the complaint on the last day of the limitations period and had the clerk stamped an extra copy of the complaint with the words “filed on 12/6/2006,” no court, I submit, would have tossed the complaint on statute-of-limitations grounds — even if, one day later, the court’s clerk identified a defect in the filing, whether that defect was caused by a check that later bounced, a credit card that declined payment, a failure to sign the complaint or some other failure to comply with the court’s rules regarding the form and content of a complaint. The majority cites no decision that says otherwise, and I have found none.
What normally happens in these circumstances is something different. The clerk’s office, sure enough, may insist that a party comply -with its local rules. The clerk just cannot do so retroactively. As a matter of equity, courts occasionally allow nunc pro tunc filings, leniently treating later acts as having been done earlier. *53 Yet I am aware of no tradition, much less a single precedent, for the concept that a court can do the reverse — treat a timely filed pleading as late based on events after the limitations period has run and after the document was timely filed. The statute of limitations has nothing to say about a pleading defect like this one once a court’s clerk’s office chooses to accept and stamp — whether by hand or through an electronic communication — the pleading as having been “filed.” Instead, the clerk’s office may give the party a reasonable amount of time to correct the defect. If the party makes the correction, all is well. If not, then the court may wish to bounce the complaint — not for failing to satisfy the limitations period but for failing to satisfy the clerk’s legitimate request to correct a defect in the filing. That is all there is to this case. I see no cognizable reason for treating this kind of problem any differently from how it would have been treated under the now-quaint, paper-pleading system.
Nor do the terms of the local rule require a different conclusion. The rule states that “it is the responsibility of the E-Filer to keep credit card information current, and it must be emphasized that the failure to pay any filing fee may delay or prevent the E-Filer from filing the document for which a filing fee is due.” W.D. Tenn. EOF Pol’y & Proc. 2.3.A. No doubt this rule permits the clerk’s office to refuse to accept a complaint if the credit-card information was not current. But that is not what this clerk’s office did. It accepted the filing, then identified the credit-card problem the next day, after the limitations period had run. Because the rule says that the clerk “may” decline to accept the filing, that also means it “may” accept the filing and ask the party to correct the defect later. In this case, the clerk’s office followed the latter course, which the rule permits and which made Kellum’s complaint timely.
If a clerk’s office, by contrast, wishes to prevent complaints from satisfying a limitations deadline until a filing fee has been paid, it may do so. All it would need to do is swipe the credit card before accepting the complaint and before communicating to the party that it has been “filed” on that day. This clerk’s office chose not to take that approach. How strange, then, that Kellum gets punished for failing to follow the letter of a local rule about having current credit card information on file while the same clerk’s office must not follow the letter of its notice of a timely “filed” electronic submission. “It is very well to say that those who deal with the Government should turn square corners. But there is no reason why the square corners should constitute a one-way street.” Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380, 387-88, 68 S.Ct. 1, 92 L.Ed. 10 (1947) (Jackson, J., dissenting), quoted in United States v. Winstar Corp., 518 U.S. 839, 886 n. 31, 116 S.Ct. 2432, 135 L.Ed.2d 964 (1996).
Precedent. But even if we choose not to treat the December 6 filing as timely filed, this case comes well within our precedents on equitable tolling or at a minimum warrants further consideration by the district court on this point. According to Cook v. Commissioner of Social Security, 480 F.3d 432 (6th Cir.2007), we consider five factors in determining whether a statute of limitations should be equitably tolled: “(1) the petitioner’s lack of [actual] notice of the filing requirement; (2) the petitioner’s lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one’s rights; (4) absence of prejudice to the respondent; and (5) the petitioner’s reasonableness in remaining ignorant of the legal requirement for filing his claim.” Id. at 437.
*54 The gist of the district court’s application of these factors was (1) that Kellum had every reason to know about the local-rule requirement that he keep current credit-card information on file with the court and (2) that he filed his complaint on the last day of the limitations period, leaving him little time to correct any deficiency. But that does not represent an application of all of the Cook factors but at most an application of the first two. It is by no means clear that the remaining three factors favor dismissing the complaint. It remains unclear what the clerk’s office told Kellum on the afternoon of December 7 and how long it gave him to correct the problem. And the notice from the clerk’s office not only said that the court had “received” the complaint “from [the plaintiffs attorney],” but it also said that the court had “entered” the complaint “on 12/6/2006 at 3:13 P.M. CST and filed [it] on 12/6/2006.” JA 41 (emphasis added). Based on what we know so far, it is certainly plausible, if not likely, that an application of all of the Cook factors would favor equitable tolling here. Cf Andrews v. Orr, 851 F.2d 146, 151-52 (6th Cir.1988); see also W.D. Tenn. ECF Pol’y & Proc. 6.2 (providing that “[a]n electronically submitted document is deemed filed on the date and at the time stated on the system-generated [notice of electronic filing]”).
It is true that Cook explains the risks of waiting until the last day to file a complaint. Cook, 480 F.3d at 437. But Kellum failed to meet the deadline not because he miscalculated the length of the filing period, the fatal flaw in Cook, see id. at 436-37, but because there was a later-identified deficiency in his timely submission. Had we tolled the limitations period in Cook, we would have been obliged to toll the limitations period for every almost timely complaint — a result that, I agree, would undermine any “clear filing deadline” and “create havoc in the system.” Id. at 437. No string of equivalent risks exists here: Kellum filed the complaint within the limitations period; the district court accepted the filing; and it notified Kellum that the complaint had been “filed” on that day. Permitting the filing of such complaints at worst will allow a modest number of defective complaints to be filed. And if that approach does not satisfy the clerk’s office, it can correct the problem by not accepting any complaints until all requirements have been met.
This case, in truth, is the opposite of Cook. The problem in Cook was that acceptance of the claimant’s argument effectively would have lengthened the limitations period by at least a day. But today’s decision effectively shortens the limitations period by one day (and maybe more days) by forcing claimants to file complaints early to give the clerk’s office time to identify defects in complaints it has already accepted and by giving the party time to correct those defects. That is no way to run a clerk’s office, and it is no way to enforce a statute of limitations.
The majority seeing these issues differently, I respectfully dissent.