NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1238n.06

No. 12-1217

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 29, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LAURA B. EDDY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| Defendant-Appellee. | ) | DISTRICT OF MICHIGAN |
| | ) | |

BEFORE: NORRIS, GIBBONS, and DONALD, Circuit Judges.

PER CURIAM: Laura B. Eddy appeals the district court's judgment affirming the denial of her applications for disability insurance benefits and supplemental security income benefits.

In 2004, Eddy filed applications for disability insurance benefits and supplemental security income benefits, alleging that she became disabled in January 2000, when she was thirty years old. After the Social Security Administration denied the applications, Eddy requested a hearing. An administrative law judge (ALJ) conducted an evidentiary hearing and denied Eddy relief. The Appeals Council vacated the ALJ's decision and remanded with instruction to consider additional evidence, including a psychological evaluation of Eddy conducted by Dr. J. Keith Ostien on September 10, 2007. On remand, the ALJ determined that Eddy was not disabled prior to September 10, 2007, but that she became disabled on that date. The Appeals Council declined to review the case.

Eddy sought review in the district court. The magistrate judge recommended granting summary judgment to the Commissioner of Social Security. Over Eddy's objections, the district court adopted the recommendation and entered judgment in favor of the Commissioner. On appeal, Eddy makes the following arguments: (1) the ALJ erred by failing to determine an onset date for the psychological condition that rendered her disabled; (2) the ALJ erred by determining that she was not disabled on the basis of her psychological condition prior to September 10, 2007; (3) the ALJ erred by failing to give proper weight to the opinion of Dr. Marta Elody, a treating psychiatrist; and (4) the ALJ erred by concluding that she did not meet the regulatory listing for mental retardation.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Despite Eddy's argument to the contrary, the ALJ did determine an onset date for the psychological condition that rendered her disabled. The date identified by the ALJ was September 10, 2007. Further, substantial evidence supported the ALJ's conclusion that Eddy was not disabled prior to that date. Eddy's medical records and assessments generally demonstrated that, prior to September 10, 2007, she had normal psychological functioning in several areas, with only mild to moderate limitations in others, and treatment had stabilized or improved certain aspects of her condition. The ALJ reasonably gave little weight to the most significant piece of evidence to the

contrary, the mental residual functional capacity assessment performed by Dr. Elody in July 2007, because Elody's conclusion that Eddy had more significant limitations was not adequately explained or supported by Eddy's treatment records. *See Blakley*, 581 F.3d at 406. It was also reasonable for the ALJ not to consider Dr. Ostien's assessment of Eddy's psychological limitations when determining whether she was disabled prior to September 10, 2007, because Ostien had not examined Eddy prior to that date, and his assessment expressed no opinion concerning her previous limitations.

Finally, substantial evidence supported the ALJ's conclusion that Eddy did not meet the regulatory listing for mental retardation. To meet the listing, a claimant must show, among other things, the onset of "significantly subaverage general intellectual functioning with deficits in adaptive functioning" before age twenty-two. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05). Eddy failed to make the required showing because the psychological evaluations and other medical evidence in the record did not address the relevant period, and, in any case, Eddy was never diagnosed as being mentally retarded. *See id.* at 355. The evidence relied on by Eddy — namely, that she attended special education classes and quit school after the eighth grade — is insufficient to undermine the ALJ's conclusion that she did not meet the regulatory listing for mental retardation because Eddy did not show that her enrollment in special education classes or her failure to continue her schooling were due to her having significantly subaverage general intellectual functioning.

Accordingly, we affirm the district court's judgment.