**Sheryl MORRISON, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

Case No. 3:14–cv–107

United States District Court, S.D. Ohio, Western Division, at Dayton.

Signed June 26, 2015

Shannon Bateson, Barkan Meizlish Handelman Goodin Derose Wentz, LLP, Columbus, OH, Karl E. Osterhout, Law Offices of Osterhout, Fulton–Brown, LLC, Oakmont, PA, for Plaintiff.

Deepa Rajkarne, Office of The Chief General Counsel for SSA, Chicago, IL, John J. Stark, US Attorney Office, Columbus, OH, for Defendant.

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON–DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE COURT'S DOCKET**

Michael J. Newman, United States Magistrate Judge

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 15), the ad-

ministrative record (doc. 9),[1] and the record as a whole.

## I.

### A. Procedural History

Plaintiff filed for SSI in August 2010. PageID 250–53. She claims disability as a result of a number of alleged impairments including, *inter alia,* knee and ankle arthritis and an intellectual disability. PageID 59.

After initial denials of her application, Plaintiff received a hearing before ALJ James I.K. Knapp. PageID 83–116. The ALJ issued a written decision on November 13, 2012 finding Plaintiff not disabled. PageID 56–72. Specifically, the ALJ's findings were as follows:

1. The claimant has not engaged in substantial gainful activity since August 18, 2010, the date she filed the application for [SSI] benefits (20 CFR 416.920(b) and 416.971 *et seq.*).

2. The claimant has the following impairments which are severe for Social Security purposes: bilateral knee and ankle arthritis; moderate exogenous obesity; mood disorder, NOS; generalized anxiety disorder; and borderline intellectual functioning (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant lacks the residual functional capacity ["RFC"] to: (1) lift more than ten pounds frequently or twenty pounds occasionally; (2) stand more than thirty minutes at a time or more than a total of four hours in an eight-hour workday; (3) walk more than fifteen minutes at a time or more than two hours in an eight-hour workday; (4) crawl or climb ladders or scaffolds; (5) crouch, stoop, kneel, or climb stairs more than occasionally; (6) perform a job requiring reading skills above sixth grade level; (7) perform a job requiring math skills above a third grade level; (8) perform other than simple, repetitive tasks with no complex or detailed instructions; and (9) do other than low stress work activity (i.e., no job involving fixed production quotas or rapid production pressure or otherwise involving above average pressure for production, do work that is other than routine in nature, or do work that is hazardous). Therefore, she is limited to a reduced range of light work.

5. The claimant is not capable of performing her past relevant work as a commercial cleaner.

6. The claimant was born [in] 1961, which classified her as a younger individual age 18–49, on the date the application was filed (20 CFR 416.963). Since becoming age 50 [in] 2011, she has been classified as closely approaching advanced age.

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical–

---

1. Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82–41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers at both the sedentary and light levels in the national economy that claimant can perform (20 CFR 416.960(c) and 416.966).

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 18, 2010, the date the application was filed (20 CFR 416.920(g)).

PageID 59–72.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 45–47. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir.2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 60–70. The Commissioner's response to the Statement of Errors defers to the ALJ's recitation of relevant evidence. Doc. 15 at PageID 754. Accordingly, except as otherwise noted in this Decision and Entry, the undersigned incorporates the ALJ's recitation of the evidence.

### II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745–46 (6th Cir.2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir.1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir.2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To qualify for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 1382c(a)(3)(A). Narrowed to its

statutory meaning, a "disability" includes physical and/or mental impairments that are "medically determinable"; expected to result in death or which have lasted or can be expected to last for a continuous period of not less than twelve months; and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful work" that is available in the regional or national economies. *Id.* §§ 1382c(a)(3)(A), (B).

■ Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir.2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work—and also considering the claimant's age, education, past work experience, and RFC—do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F.Supp.2d 816, 818 (S.D.Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.,* 109 F.3d 270, 274 (6th Cir.1997).

## III.

In her Statement of Errors, Plaintiff sets forth a single issue for review. Plaintiff argues that the ALJ erred at Step Three in concluding that her impairments do not meet or medically equal Listing §§ 12.05(B) and/or 12.05(C). Doc. 11 at PageID 729. Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds that the ALJ properly determined that Plaintiff's impairments do not meet or equal Listing § 12.05. Thus, as more fully explained herein, the Court finds the ALJ's decision supported by substantial evidence.

■ The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Comm'r of Soc. Sec.,* 582 F.3d 647, 653 (6th Cir.2009) (internal quotations omitted). "Because satisfying the [L]istings yields an automatic determination of disability ... the evidentiary standards [at Step Three] ... are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Comm'r of Soc. Sec.,* 552 Fed. Appx. 533, 539 (6th Cir.2014). Plaintiff has the burden of proving that he or she meets or equals all of the criteria of a listed impairment. *Evans v. Sec'y of Health & Human Servs.,* 820 F.2d 161, 164 (6th Cir.1987).

Listing § 12.05 provides in relevant part:

12.05 Intellectual disability: Intellectual disability refers to significantly

subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements of A, B, C, or D are satisfied.

. . .

(B) A valid verbal, performance, or full scale IQ of 59 or less; or

(C) A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05.

In other words, for a claimant to meet Listing § 12.05, he or she must meet the criteria under subsection A, B, C, or D, as well as "satisfy the diagnostic description" in the introductory paragraph, i.e., "(1) subaverage intellectual functioning; (2) onset before age twenty-two; and (3) adaptive-skills limitations." *Hayes v. Comm'r of Soc. Sec.*, 357 Fed.Appx. 672, 675 (6th Cir.2009) (internal citations omitted). "The adaptive skills prong evaluates a claimant's effectiveness in areas such as social skills, communication skills, and daily-living skills." *Id.* at 677 (internal citation omitted).

■ Here, consultative examiner Christopher Ward, Ph.D. reported intelligence quotient ("IQ") scores that potentially meet the criteria under §§ 12.05(B) and (C),[2] and diagnosed Plaintiff with "mild mental retardation." PageID 457–58. However, the ALJ found Listing § 12.05 "inapplicable because the record lacks evidence of significantly subaverage general intellectual functioning [with deficits in adaptive functioning], much less that any such functioning manifested during the claimant's developmental period." PageID 62–63. Plaintiff argues that, in so finding, the ALJ failed to discuss parts of the record that "plainly show adaptive deficits" and inappropriately relied on the Medical Expert's ("ME") testimony that Plaintiff did not have "significant deficits in adaptive functioning" because the testimony contained false factual assertions. Doc. 11 at PageID 736.

Although there is some evidence that Plaintiff has deficits in adaptive functioning,[3] the undersigned concludes the record lacks evidence that she had such deficits before she was twenty-two years old, as required to meet Listing § 12.05. Plaintiff argues that "[h]er difficulties manifested well before age [twenty-two], as demonstrated by her difficulties in her educational background." Doc. 11 at PageID 736. Plaintiff testified that she was in special education classes "some years" and completed the 10th grade. PageID 85–86. She reported to Dr. Ward that she completed the 9th grade, received special education services in school, and "made average grades [—] 'mostly Bs, Cs, some Ds.'" PageID 455. The Sixth Circuit has re-

**2.** Dr. Ward determined that Plaintiff had a Verbal IQ of 69, a Performance IQ of 58, and a Full Scale IQ of 62. PageID 457. At the time of the testing, Plaintiff was forty-seven years old. PageID 454. Dr. Ward questioned the validity of the Performance IQ score because Plaintiff did not have glasses "and therefore [was not] able to effectively see certain activities." PageID 457. Consultative examiner Giovanni Bonds, Ph.D. diagnosed

Plaintiff with "mild mental retardation" without conducting further IQ testing. PageID 546.

**3.** Plaintiff testified that she has never "lived by [herself] for very long" or driven a car, PageID 85; was arrested for child endangerment, PageID 542; and has minimal work history, PageID 86–88.

peatedly held, however, that "neither circumstantial evidence such as school records nor a history of special education combined with an adult IQ score are necessarily enough to demonstrate that claimant had adaptive functioning deficits before age twenty-two." *Peterson,* 552 Fed. Appx. at 540; *see also Eddy v. Comm'r of Soc. Sec.,* 506 Fed.Appx. 508, 510 (6th Cir. 2012) (holding that a claimant's eighth grade education with a history of special education classes did not establish deficits in adaptive functioning prior to age twenty-two); *Foster v. Halter,* 279 F.3d 348, 352–55 (6th Cir.2001) (finding that Plaintiff did not establish adaptive functioning deficits prior to age twenty-two, despite having a ninth grade education completed through special education classes).

Notably, despite Plaintiff's reliance on her educational background, there are no school records in the administrative record. Further, Plaintiff has made conflicting statements regarding her education and why she did not complete high school—*e.g.,* she told Dr. Giovanni that she was in "regular classes," and "quit school because she was hanging with the wrong crowd, drinking and smoking marijuana." PageID 542. Plaintiff "offers no other evidence"—aside from her inconsistent self-reports—"to establish onset before age twenty-two and, without establishing this prong, she cannot [meet or] equal Listing 12.05." *Hayes,* 357 Fed.Appx. at 677. Accordingly, the undersigned finds the ALJ's Listings analysis, at Step Three, supported by substantial evidence, and Plaintiff's sole assignment of error is overruled.

The Court also notes that the ALJ carefully and reasonably reviewed the record, appropriately considered the medical and other source evidence at issue, appropriately considered Plaintiff's allegations of disabling symptoms and limitations and

reasonably concluded Plaintiff was not fully credible, and properly determined Plaintiff's RFC. Accordingly, the ALJ's analysis at Steps Four and Five are likewise supported by substantial evidence.

## IV.

**IT IS THEREFORE ORDERED THAT:**

1. The Commissioner's non-disability finding is **AFFIRMED;** and
2. This case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED.**